## CHARLIE HOLLAND v. STATE.

No. A-4729.   Opinion Filed Jan. 24, 1925.
(232 Pac. 454.)

(Syllabus.)

Larceny—Evidence Insufficient to Sustain Conviction. In a prosecution for grand larceny, evidence held insufficient to support the verdict and judgment of conviction.

Appeal from District Court, Washington County; J. R. Charlton, Judge.

Charlie Holland was convicted of grand larceny, and he appeals. Reversed, and new trial granted.

Arthur Fitzpatrick, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction rendered on the verdict of a jury finding the defendant, Charlie Holland, "guilty of grand larceny as charged in the information," and fixing his punishmtnt at imprisonment for a term of 1½ years.

The information charged:

"That the defendant, Charlie Holland, did in Washington county, on or about the 9th day of July, 1922, unlawfully, willfully and by fraud and stealth, take from the person

of one A. L. McGregor, certain personal property, to wit, one gold Waltham watch, said watch being then and there of the value of forty dollars."

It is assigned as error that the verdict is contrary to the law and the evidence, in that there was no value proved as to the property alleged to have been stolen, and that there was no evidence that said property was taken from the person.

The material and undisputed facts as disclosed by the testimony are that the parties concerned and others were at a resort conducted by John Vann, a few miles outside of Bartlesville; that the defendant was drunk, McGregor was lying on a cot in the yard and later missed his watch, which was carried without a chain in the watch pocket of his trousers; that the defendant picked up the watch from the ground near the side of the cot.

The Attorney General concedes that for the reasons stated the evidence is insufficient to sustain a conviction for grand larceny, but recommends that this court so modify the judgment, in respect to the punishment, as to make the same the maximum punishment prescribed for petit larceny.

A careful examination of the record convinces us that the judgment in this case should be reversed. Our statute classifying "larceny" is as follows:

"Grand larceny is larceny committed in either of the following cases:

"First. When the property taken is of value exceeding twenty dollars.

"Second. When such property, although not of value exceeding twenty dollars in value, is taken from the person of another." Comp. Stats. 1921, § 2104.

There are some authorities which hold that it is necessary neither to allege nor prove value in larceny cases, except for the purpose of fixing the degree of the crime. In

this case, however, there was no proof offered to show the value of the watch alleged to have been stolen, and the evidence failed to show that the watch in question was taken from the person of the owner as alleged.

We deem it unnecessary to consider the other errors assigned.

For the reasons stated, the judgment of the lower court is reversed and a new trial granted.

BESSEY, P. J., and EDWARDS, J., concur.