Earl WYNN, Appellant,

v.

Ray H. PAGE, Warden, and the State of
Oklahoma, Appellees.

No. 9791.

United States Court of Appeals
Tenth Circuit.

March 8, 1968.

Delbert Brock, McAlester, Okl., for
appellant.

Penn Lerblance, Asst. Atty. Gen. (G.
T. Blankenship, Atty. Gen., was with him
on the brief), for appellees.

Before PICKETT, LEWIS and
BREITENSTEIN, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

This case reaches us as an offshoot of
events following our decision in Wynn v.
Page, 10 Cir., 369 F.2d 930, and directly
as an appeal from an order of the District
Court for the Eastern District of Okla-
homa denying appellant's application to
enforce an order of that court by extra-
ordinary writ directed to Oklahoma state
authorities. The trial court found that
the subject order entered by it had been
fully complied with and that appellant
was consequently entitled to no relief.
We affirm.

In our earlier decision in the cited case
this court held that appellant, a state
prisoner, had not been afforded his con-
stitutional right to appeal his state con-
viction and remanded the case to the
United States District Court with direc-
tions to that court to hold the case in
abeyance "for not longer than six months

from the date of the issuance of the mandate within which time the Oklahoma Court of Criminal Appeals may grant appellant leave to appeal and provide him assistance of counsel and adequate case-made, in which event this proceeding shall thereupon be dismissed. If the Oklahoma Court of Criminal Appeals fails to grant appellant his appeal within said period of time, the writ shall issue discharging petitioner."

An appropriate order was issued by the district court in compliance with the mandate and no action was taken by the Oklahoma Court of Criminal Appeals within the time designated. The federal district court then entered the following order:

"The court finding that no response has been made by the Attorney General of Oklahoma to the order to show cause issued herein on August 3, 1967, accordingly,

IT IS BY THE COURT ORDERED that the application of Earl Wynn for a writ of habeas corpus is granted and the State of Oklahoma and Ray Page, Warden, State Penitentiary, are directed to discharge him forthwith from his confinement."

Pursuant to the compulsion of this order appellant was released from the Oklahoma State Penitentiary. However he was immediately arrested by state authority and has since been confined to answer to and be re-tried on the original information and for the offense that had previously premised his conviction and sentence. An application for a writ of habeas corpus was denied to appellant by the state district court for Muskogee County, Oklahoma. The instant proceedings then followed in which appellant seeks an enforcement order directed specifically to the state district judge and the state district attorney of Muskogee County commanding appellant's unconditional release from confinement.

This court's determination that appellant had been denied procedural due process subsequent to his conviction within the state court was not, of course, an adjudication of his guilt or innocence; nor did it constitute a bar to his re-trial upon the original information. Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751. Appellant is now awaiting re-trial and we are assured that such proceedings will advance with dispatch. For these reasons, we affirm the judgment. We do think it appropriate to note, however, that this proceeding carries some unexplained overtones that require comment.

District Judge Kerr, speaking for this court in the original case, 369 F.2d at 932, noted the caution with which federal courts impose jurisdiction in cases involving state processes. This case being one of procedural defect which could be corrected within the confines of state authority and thus render discharge of appellant unnecessary, the judgment gave Oklahoma ample opportunity to do so. Such disposition of the case was procedurally appropriate. Mahler v. Eby, 264 U.S. 32, 46, 44 S.Ct. 283, 68 L.Ed. 549. This record does not reflect the initiation of any authoritative action by state officers during the six-month period when the case was held in abeyance by the federal district court and, on expiration of such period, does reflect the fact that the attorney general failed to respond and defaulted to an order to show cause why appellant should not be released from the penitentiary. The purpose of holding federal jurisdiction in abeyance was thus thwarted and the release of appellant was apparently needlessly delayed some eight months. The indisposition of state authority to act when given the opportunity to do so, if deliberate or persistent, can only serve to frustrate the effectiveness of the Great Writ and would be intolerable in the administration of justice.