Floyd F. BEARD, Plaintiff,

v.

John W. TURNER, Warden, Utah State Prison, Defendant.

No. C 63–69.

United States District Court
D. Utah, C. D.

May 2, 1969.

Justin C. Stewart, Salt Lake City, Utah, for petitioner.

Vernon B. Romney, Atty. Gen. of Utah, for respondent.

## MEMORANDUM DECISION

CHRISTENSEN, District Judge.

Heretofore, after an evidentiary hearing, I held that failure of the state to provide counsel to represent the above-named indigent petitioner at his parole revocation hearing while permitting persons similarly situated but with means to employ counsel to be represented at such hearings deprived plaintiff of the equal protection of the laws in violation of the Constitution of the United States and, hence, that the revocation of his parole by the State Board of Pardons was invalid and ineffectual. I thereupon ordered in effect that unless the State Board of Pardons accorded to the petitioner another hearing in keeping with due process within a specified time, assured that he was properly represented by counsel at said hearing, and considered and ruled upon the question of rev-

ocation of parole anew without reference to, and independent of, said invalid hearing, the writ of habeas corpus would be made effective to release the petitioner from the custody of respondent and that, in any event, the petitioner must be allowed credit as against any valid incarceration under the existing sentence for all time which he spent in custody between the time of said invalid parole hearing and any lawful and constitutional revocation of parole.

The petitioner has now sent to the court a letter dated April 28, 1969, which may be interpreted as a request for reconsideration of my order in which I declined to preclude another revocation hearing, on the ground that petitioner had heard that others had been ordered released under similar conditions but unconditionally.

I have taken the view that procedural inadequacies subsequent to a lawful state sentence on a felony conviction do not necessarily invalidate such sentence, that if one who is on parole under such valid sentence has had his parole illegally revoked this does not serve ipso facto to invalidate his sentence, nor to eliminate possible grounds for parole revocation, but authorizes the federal court in deference to the State's responsibility of enforcing its own criminal laws to give the State a reasonable opportunity to conduct a constitutional revocation proceeding, and that in cases such as this the State should be afforded reasonable opportunity so to do before the federal court should free the State prisoner from the consequences of his conviction or any breach of the conditions of his parole. It is neither the responsibility nor province of the federal court where this can be avoided to obstruct State correctional processes but rather to protect constitutional rights and when the latter purpose can be fully served without the former consequences this is enough.

In this case, I do not believe that the vindication of the writ of habeas corpus, justice to the prisoner, the public interest or any other consideration requires

or justifies a different application. This conclusion and application here are supported by the principle of Wynn v. Page, 390 F.2d 545 (10th Cir.1968), particularly in light of the facts that the ground relied upon for revocation of parole was not in dispute, was a matter of public record and was admitted by petitioner before the Board and the value of the representation by counsel would be largely in connection with the question whether the existence of that ground should lead the Board to revoke parole and, if so, the extent of the additional time, if any, the petitioner should serve. *See* Cotner v. United States, 409 F.2d 853 (10th Cir.1969), which is the latest case interpreting Earnest v. Willingham, 406 F.2d 681 (10th Cir.1969).

Motion for reconsideration denied without prejudice to an application for supplemental relief upon a showing that the further revocation hearing does not comport with constitutional standards or frustrates the purposes of the previous order of this court.