William Leroy CRAIL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 356–69.

United States Court of Appeals,
Tenth Circuit.

Aug. 27, 1970.

Allan B. Adams, of Neef, Swanson &
Myer, Denver, Colo., for appellant.

Givens L. Adams, Asst. U. S. Atty.,
Oklahoma City, Okl. (William R. Bur-
kett, U. S. Atty., Oklahoma City, Okl.,
on the brief), for appellee.

Before PHILLIPS, HILL and HICKEY, Circuit Judges.

HILL, Circuit Judge.

Crail is currently serving a seven-year sentence imposed upon a plea of guilty to 18 U.S.C. § 2314. This is a collateral attack made pursuant to 28 U.S.C. § 2255 in which Crail alleges that he was "medically incompetent" at the time of his plea. The appeal reaches this Court from a denial of the 2255 motion after an evidentiary hearing to decide appellant's competency to understand the nature of the proceedings against him and to rationally consult with his lawyer to prepare his defense.

On October 30, 1966, Crail, while a federal prisoner in the County Jail at Oklahoma City, was beaten about the head by another prisoner. He was taken to a hospital, treated for lacerations, given an X-ray which disclosed no fracture, and returned to jail that evening. On November 8, 1966, appellant entered a not guilty plea and on November 17 he changed that plea to guilty.

The claim made is that as a result of a concussion and subsequent confinement in an isolation cell, Crail suffered headaches, anxiety, dizziness, disorientation, confusion and a distorted sense of reality, which rendered him incompetent at plea time.

▇▇▇ The burden rests on Crail to establish by a preponderance of the evidence that he was incompetent at the time of his plea.[1] To succeed, the evidence tendered by appellant must prove that he did not have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and * * * [that] he * * * [did not have] a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). These are issues of fact.[2] The lower court treated them as factual, held an evidentiary hearing thereon, and found that appellant had the capacity to rationally consult with his lawyer and had a rational—factual comprehension of the proceedings against him.

▇▇▇ It is a rudimentary principle which guides the court in this case: The trial judge's findings of fact will not be disturbed after an evidentiary hearing unless they are clearly erroneous or without support in the record.[3] We have carefully reviewed the entire record before us and must conclude that the fact findings have ample support in the record and are not clearly erroneous.

First we will consider appellant's claim that at plea time the trial court, viewing the physical appearance of Crail, should have sua sponte conducted a due process hearing to determine competency. Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 (1966), is cited for the proposition that if "the evidence raises a 'bona fide doubt' as to a defendant's competence to stand trial, the judge on his own motion must impanel a jury and conduct a sanity hearing * * *." The inappropriateness of the language of that case to these facts is manifest in the course of the argument itself. First, there is no evidence cited by appellant which indicates that the injuries were visually apparent on November 8, moreover on the 17th when the plea was changed. In fact, all evidence is to the contrary. The trial judge stated of record that he knew nothing of the injury, and the probation officer who prepared appellant's presentence report testified that he noticed no marks on Crail's face on November 18 when he interviewed appellant. In

1. Johnston v. United States, 292 F.2d 51 (10th Cir. 1961).

2. Maez v. United States, 367 F.2d 139 (10th Cir. 1966); Roddy v. United States, 296 F.2d 9 (10th Cir. 1961).

3. Hines v. Baker, 422 F.2d 1002 (10th Cir. 1970); Wellnitz v. Page, 420 F.2d 935 (10th Cir. 1970); Smith v. Crouse, 413 F.2d 979 (10th Cir. 1969); Linebarger v. State of Oklahoma, 404 F.2d 1092 (10th Cir. 1968); Carpenter v. Crouse, 389 F.2d 53 (10th Cir. 1968).

addition, although the probabilities are that Crail suffered a concussion, a psychiatrist testified that in his opinion, the conduct, *i.e.*, the responses to the questions propounded at the time of the pleas, did not indicate abnormal behavior. Hence, we are unable to find any evidence which could have raised a bona fide doubt in the trial judge's mind that Crail was incompetent to stand trial or plead guilty.

■■ Mere proof that Crail sustained a concussion is inadequate to support the plea for a new trial. As the medical experts testified at the evidentiary hearing, a concussion does not necessarily result in an impairment of mental competency. Thus, while that fact must be considered, the issue is whether appellant, despite such concussion, had the capacities inherent in the Dusky test. That decision is for the court and both lay and expert testimony may be considered.[4]

Nine persons testified at the evidentiary hearing; three were physicians, one was Crail, and the others were in contact with appellant between the time of the injury and his removal after sentence to the penitentiary. Dr. Washburn treated movant on the evening of the fight; Dr. Huggins was the jail physician who saw Crail shortly thereafter and periodically during November; and Dr. Savage, a psychiatrist, examined Crail in January, 1969, in connection with this case. The gist of all their testimony was that the disorientation, confusion, and mental disorder claimed by Crail was possible, but not probable. Never did Crail complain to the attending physician at the jail of the disorientation and lost sense of reality, which he now alleges, nor did he display any symptoms remotely suggesting such a state of mind. And, never did he call any such distortions to the attention of the trial court during plea or sentencing or to his attorney.

Similarly, none of the witnesses perceived anything in his conduct, manner or speech comporting with the claimed condition. In fact, aside from the subjective complaints put forth by Crail, there is absolutely no evidence even tending to support his allegations.

On the basis of Dusky, *supra*, and Pate v. Robinson, *supra*, appellant argues that a new trial is required because of the difficulty of retrospectively determining an accused's competence to stand trial. In Dusky, a new hearing was called for because the trial court had applied the wrong test in determining competency; because the psychiatric testimony was equivocal and of uncertain legal significance; and because of the *resulting* difficulty in retrospectively determining competency. Here there is no such difficulty in retrospectively determining competency because the proper standard was used and because the medical testimony was clear and convincing.

We perceive three reasons for the new trial in Robinson: (1) The jury could not view the person of the defendant in the challenged condition; (2) expert witnesses would only be able to rely on the record for contemporary observation; and (3) six years had elapsed. The first reason we deem the lesser important for, in practice, once the trial was concluded a jury could not thereafter be called to view the allegedly impaired condition; that condition would have passed with the trial and it could never be recalled for jury observation. The second reason is critical, since before a reliable medical opinion can be formed, a trained professional must be present to observe the alleged condition. Here the two physicians who treated the movant during the critical period were present to testify at the hearing. That fact alone sharply distinguishes this from the Robinson case.

■ In addition, although nearly two and one-half years elapsed between the

---

4. Martinez v. United States, 423 F.2d 479 (10 Cir. 1970); Wolcott v. United States, 407 F.2d 1149 (10th Cir. 1969).

**462**

plea and the evidentiary hearing, the delay is directly attributable to Crail. Having found that the trial court was free from error in failing to detect the alleged condition, we believe the onus is on the complaining petitioner to expeditiously get his claim before the proper tribunal for a hearing. Failing in that regard, he cannot await the passage of time and thereby gain a new trial. Such circumstances again distinguish the Robinson case where the delay was not directly attributable to petitioner.

In sum, we conclude, in light of the circumstances of this case, that the evidentiary hearing as to Crail's mental competency, at the time he pleaded guilty in 1966, was adequate to vouchsafe his rights. And, that the decision reached by the trial court in that hearing was not clearly erroneous.

Affirmed.