**James Ray GILL, Appellee,**

v.

**John W. TURNER, Warden, Utah State Prison, Appellant.**

**No. 513-70.**

United States Court of Appeals, Tenth Circuit.

June 7, 1971.

William F. Reynard, Denver, Colo., for appellee.

David S. Young, Asst. Atty. Gen. (Vernon B. Romney, Atty. Gen., and Lauren N. Beasley, Chief Asst. Atty. Gen., on the brief), for appellant.

Before SETH, McWILLIAMS, and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

James Ray Gill, a state prisoner, filed a petition for a writ of habeas corpus in the United States District Court, District of Utah, Central Division, alleging among other things that his plea of guilty entered in the state courts of Utah to the crime of robbery was involuntarily made as the result of physical abuse and threats on the part of a member of the Salt Lake City Police Department. Upon hearing, Gill testified that he pled guilty to the robbery charge because a certain detective struck him in the face and threatened to file habitual criminal counts against his two brothers if he (Gill) did not so plead. A fellow prisoner, who did not witness the alleged

assault, testified that when Gill returned from this particular interrogation he did observe bruises and abrasions on Gill's face. A detective, who was apparently believed to be the one who allegedly struck and threatened Gill, took the stand and stated that he didn't "recall" ever having questioned Gill, though he admitted he had investigated the matter and had acutally signed the complaint against Gill.

It was on this state of the record that the trial court found, among other things, that Gill's plea of guilty was in fact induced by physical abuse and threats and was therefor not voluntary. The trial court then went on to order Gill's immediate discharge. Turner, the warden of the Utah State Prison and the respondent in the federal habeas corpus proceeding, now appeals.

Our study of the matter leads us to conclude that the trial court's finding that Gill's plea of guilty was involuntary cannot under the circumstances be disturbed. However, the trial court did err in ordering Gill's immediate discharge from custody.

 The general rule is that a guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void and that a conviction based on such a plea is subject to collateral attack. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed 473. It is agreed that Gill has the burden of establishing by a preponderance of the evidence that his plea of guilty was involuntarily given, and in this connection it is Turner's position that Gill simply did not meet this burden. The trial court, however, was sitting as the trier of a disputed factual matter and in finding that Gill's plea was the result of physical abuse and threats it obviously chose to believe Gill and his corroborating witness, and in so doing elected not to believe the police officer. Such being the situation, as a reviewing court we must uphold the factual determination as made by the trial court, if there is evidence to support it.

Crail v. United States, 430 F.2d 459 (10th Cir.). And, as above outlined, we find that there is such supporting evidence in the record. Cases cited by Turner on this particular point are ones where a trial court, based on evidence similar to that adduced in the instant case, nonetheless found the plea of guilty to be voluntary. Such does not mean, however, that a trial court on such evidence could not find that the plea in question was in fact involuntary.

 In this court, though not in the trial court, Turner argues that the reporter's transcript of the proceedings at Gill's arraignment in the state court on the robbery charge negates his later claim that his guilty plea was in fact involuntary. In the trial court, despite inquiry of the judge, counsel for Turner declined to introduce the record of the state arraignment proceedings. In this court, however, Turner attaches to his brief that which is said to be a transcript of the proceedings at Gill's arraignment in the state court. Suffice it to say in this regard that the record as previously made before the trial court cannot be thus expanded when the matter is on appeal before us. Our task here is to review the findings and judgment of the trial court in the light of the record before it.

 Although it is a bit unclear, it would appear that counsel for Turner, in his cross-examination of Gill, sought to impeach Gill by showing that on a previous occasion Gill had given a physical description of the officer who allegedly assaulted and threatened him which differed from the description given in the trial court. To this end counsel offered a part of the testimony given in a previously held state habeas corpus proceeding. This offer was rejected by the trial court, apparently on the ground of relevancy and lack of a proper foundation. Preliminary warnings of course are a prerequisite to the impeaching of a witness by a showing of prior contradictory statements. 3A Wigmore, Evidence § 1025. Such warnings are lack-

ing in the instant record. We find no error in the rejection by the trial court of the offer as made. Additionally, we view the impeaching effect of the offered document as minimal, at best, and most certainly there is nothing to indicate that receipt of the proffered record would have changed the result.

█ Though this court is bound by the trial court's finding that Gill's plea was involuntary, it does not follow that the trial court was correct in its order and judgment which discharged Gill literally out the courthouse door and onto the street, *instanter*. The trial court's determination that Gill's plea of guilty was involuntary because of physical abuse and threats was not, of course, an adjudication of his guilt or innocence, nor did it constitute a bar to further proceedings in the state court upon the original robbery charge. Wynn v. Page, 390 F.2d 545 (10th Cir.).

28 U.S.C. § 2243 directs a trial court in a federal habeas corpus proceeding to "dispose of the matter as law and justice require." Under the circumstances we find that the trial court abused its discretion in ordering Gill's immediate discharge and that the entry of any discharge order should have been delayed to permit Gill to plead anew in the state court to the charge of robbery and thereafter be tried, if the state be so inclined, should he plead not guilty to the charge. This procedure is in accord with the procedure outlined in Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L. Ed.2d 751 and is within the rationale of Wynn v. Page, *supra*. Additionally, in Reck v. Pate, 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d 948, which was a federal habeas corpus proceeding involving a state prisoner, the United States Supreme Court, after holding that the prisoner's detention was in violation of the Constitution and that he was entitled to be released, nonetheless directed the district court to enter such orders as are appropriate "allowing the state a reasonable time in which to retry the petitioner." *See also* the recent case of Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L. Ed.2d 306 (March 29, 1971), which recognized that the state should be afforded the opportunity to re-try a state prisoner entitled to federal habeas corpus relief before a writ should actually issue.

The trial court's finding that Gill's plea of guilty was involuntarily given must be, and is, upheld. The trial court's order and judgment that Gill be immediately released is reversed and the matter is remanded to the trial court with the direction that the trial court delay entry of any order of outright discharge of Gill for a reasonable length of time in order to permit the state authorities, if they still be so inclined, to reapprehend Gill and arraign him once again on the robbery charge, and for such further proceedings as Gill's plea may necessitate.

The mandate in the instant case shall issue forthwith. The clerk of the district court is ordered to forthwith issue all necessary process, including the issuance of a bench warrant, to effectuate our mandate. Such, however, shall in no way be interpreted as limiting the warden, or any other authorized officer of the state of Utah, from using state authority to effectuate the return of the petitioner to the custody of the warden.