John RIDGE, Appellee,

v.

John W. TURNER, Warden, Utah State
Prison, Appellant.

No. 517–70.

United States Court of Appeals,
Tenth Circuit.

June 7, 1971.

Clifford L. Beem, Denver, Colo., for
appellee.

Vernon B. Romney, Atty. Gen., and
Lauren N. Beasley, Chief Asst. Atty.
Gen., for appellant.

Before SETH, McWILLIAMS and
DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

On June 16, 1965, the appellee, John
Ridge, was charged with the crime of
robbery in violation of Utah Code Ann.
§ 76–51–1 (1953), and imprisoned in the
Salt Lake County Jail.

The appellee was arraigned and plead-
ed not guilty to the robbery charge on
June 17, 1965. Following a preliminary
hearing held on July 12, 1965, the appel-
lee was bound over to stand trial in the
Third Judicial District Court in Salt
Lake County.

On September 1, 1965, the appellee es-
caped from the county jail, but was cap-
tured and returned to the jail on Sep-
tember 4, 1965. Shortly thereafter (on
September 8, 1965) the appellee with-
drew his plea of not guilty and entered a
plea of guilty to the crime of robbery.
He was then sentenced to serve an inde-
terminate term of five years to life in
the Utah State Prison.

After exhausting his state remedies,
appellee petitioned the United States
District Court for the District of Utah
seeking a writ of habeas corpus on the
ground that his plea of guilty had been
coerced as a result of beatings adminis-
tered in the Salt Lake County Jail. The
petition was filed on or about June 17,
1969.

At the hearing held on August 27 and
28, 1969, several witnesses gave testimo-
ny that the appellee had been beaten on
his return to the jail. A question arose
as to whether an officer had stomped on
the petitioner's hand, and the hearing
was recessed in order to obtain medical
testimony. At a hearing held on May
19, 1970, the appellee testified that Cap-
tain George A. Nielsen had stomped on
his hand when he was returned to the
jail following his escape. It was after

the escape that the appellee said he was coerced into confessing to the crime and pleading guilty. He testified that he feared further beatings and wanted to get out of that jail as soon as possible. Captain Nielsen, who testified at this hearing, denied any beating by himself or the deputies in his company. The hearing was continued because the district court judge wanted testimony from the doctor who operated on the appellee's hand.

On June 17, 1970, the hearing was concluded when the doctor could not be located. At the conclusion of this hearing, the district court judge granted the writ and discharged the appellee.

The important issue before the Court is whether the district court's findings of fact that the guilty plea was involuntarily entered was "clearly erroneous or without support in the record." Crail v. United States, 430 F.2d 459 (10th Cir. 1970). A secondary issue presented is whether the trial court abused its discretion in ordering Ridge immediately discharged.

We conclude that the court's judgment voiding the conviction was amply supported by the evidence and should be affirmed, and that the order of absolute discharge was not proper.

I.

## VOLUNTARINESS OF GUILTY PLEA

It is well settled that "[a] guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962).[1]

Counsel on both sides agree that the burden rests on Ridge to establish by a preponderance of the evidence that his guilty plea was coerced. See, e. g., Crail v. United States, supra, 430 F.2d at 460.

Whether the guilty plea was coerced and involuntary is a question of fact, and the district court's findings are not to be disturbed unless such findings are "clearly erroneous or without support in the record." Id.

Following a review of the record we conclude that there is ample support for the district court's factual determination that Ridge's guilty plea was coerced. The trial judge decided that after the petitioner's escape and return to the Salt Lake County Jail, he "was placed in the 'hole' in the Salt Lake County Jail and beaten severely about his body by attendants at the Salt Lake County Jail; that in order to be removed from the 'hole' and avoid further beatings, petitioner changed his plea to guilty and on September 8, 1965, was committed to the Utah State Prison for the term of five years to life."

John Ridge testified on several occasions as to three beatings which he said had been inflicted on him. The first was supposed to have occurred in July when prison officials allegedly threw him down a flight of stairs. This attack was corroborated by an inmate who, while not witnessing the specific blows struck by the officers, testified to seeing Ridge struggling with several officers and then being catapulted down the stairs. No testimony was introduced corroborating the second beating, which was said to have occurred immediately after his arrest.

The third alleged beating took place, according to Ridge, after he was returned to jail following escape and rearrest. It was this attack which persuaded the district court that Ridge's change of plea was involuntary. One inmate testified to hearing Ridge scream and to hearing sounds of "flesh on flesh." Another inmate who worked for the prison doctor testified to seeing bruises all over Ridge's body soon after the incident. A

1. See also Waley v. Johnston, 316 U.S. 101, 104, 62 S.Ct. 964, 86 L.Ed. 1302 (1942); Walker v. Johnston, 312 U.S. 275, 286, 61 S.Ct. 574, 85 L.Ed. 830 (1941); Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716 (1940); Carpenter v. Wainwright, 372 F.2d 940, 941 (5th Cir. 1967).

third inmate related conversations he had with Ridge about the beatings and the pain Ridge felt in his hand, and testified to seeing bruises on Ridge's body. Two others testified that surgery was performed on Ridge's hand, and the court observed that evidence of injuries to his hand still remained at the time of the federal habeas hearing. Against this evidence was the testimony of four officers who denied the beatings.

After hearing the testimony from both sides the judge concluded that the evidence *clearly* established that John Ridge had been attacked and beaten by the prison officials:

> "I haven't any doubt that he was [beaten up and abused], no doubt at all. In the record in this case, this is a better record than most we get.
>
> I haven't any doubt that his hand was stomped on."

Decisions regarding the credibility of witnesses are, of course, the province of the trier of fact. There is adequate credible evidence in support of the finding and conclusion that the guilty plea was coerced.

## II.

### THE DISCHARGE QUESTION

■ The second issue before this Court is whether the district court abused its discretion in ordering the outright release of the appellee.[2] No unusual or exceptional circumstances were present to justify the immediate release. The discharge order should have been delayed for a reasonable time so as to afford the state an opportunity to correct the defects on which the order was based.

28 U.S.C. § 2243 directs a trial court in a federal habeas corpus proceeding to "dispose of the matter as law and justice require." However, the prevailing practice under this mandate is to delay the petitioner's discharge so as to allow the state reasonable time in which to retry the petitioner if it wishes to do so. *See, e. g.,* Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 91 S. Ct. 1031, 28 L.Ed.2d 306 (1971); Reck v. Pate, 367 U.S. 433, 444, 81 S.Ct. 1541, 6 L.Ed.2d 948 (1961); Irvin v. Dowd, 366 U.S. 717, 729, 81 S.Ct. 1639, 6 L. Ed.2d 751 (1961); Wynn v. Page, 390 F.2d 545 (10th Cir. 1968); Miller v. State of Oklahoma, 363 F.2d 843, 844 (10th Cir. 1966).

The court in Wynn v. Page, *supra,* said that delaying the petitioner's discharge was "procedurally appropriate" in part because of "the caution with which federal courts impose jurisdiction in cases involving state processes." Wynn v. Page, *supra,* 390 F.2d at 546. Furthermore, the determination that Ridge's plea was coerced "was not, of course, an adjudication of his guilt or innocence." *Id.* Setting aside the conviction cleared the record and cleared the way for Utah to retry the defendant if it saw fit to do so. It follows then that petitioner remains subject to being apprehended and retried on the original charge which is still pending. *See, e. g.,* Irvin v. Dowd, *supra,* 366 U.S. at 728, 81 S.Ct. 1639.

If the district court's order were based on defects which the state could not correct or if, for instance, a new trial were a practical impossibility, then an outright release would be appropriate. But where—as here—it is a matter of rearraignment, the proper course was to delay the discharge order for a reasonable period of time. If the state fails to retry the appellee within such a reasonable time, the writ could issue and could be made final.

The trial court's judgment voiding the plea of guilty as involuntary is affirmed.

---

2. The district court ordered that John Ridge be "released from the Utah State Prison unconditionally forthwith" (IV., p. 9) and that he "should be restored to his liberty forthwith" (IV., p. 11).

There is no indication in the record that the judge ordered state authorities to refrain from rearresting the appellee after his discharge.

The trial court's order discharging petitioner is reversed. The State of Utah can validly reapprehend the petitioner and proceed to retry him if it elects to do so.

. The mandate in the instant case shall issue forthwith. The clerk of the district court is ordered to forthwith issue all necessary process, including the issuance of a bench warrant, to effectuate our mandate. Such, however, shall in no way be interpreted as limiting the warden, or any other authorized officer of the State of Utah, from using state authority to effectuate the return of the petitioner to the custody of the warden.