Thomas Ray GURULE, Appellee,

v.

John W. TURNER, Warden, Utah State
Prison, Appellant.

No. 71–1583.

United States Court of Appeals,
Tenth Circuit.

June 22, 1972.

David S. Young, Chief Asst. Atty. Gen. (Vernon B. Romney, Atty. Gen., on the brief), for appellant.

David M. Bryans, Denver, Colo., for appellee.

Before BREITENSTEIN, SETH and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

Thomas Ray Gurule, a state prisoner, filed a petition for a writ of habeas corpus in the United States District Court for the District of Utah. At the hearing on the petition the judge read the transcript of the petitioner's arraignment and sentencing in the state court; but without hearing any witnesses and without receiving any other evidence, he held petitioner's guilty plea in the state court to be invalid, and ordered petitioner to be released forthwith. He was so released, and the State of Utah filed this appeal.

The United States District Court found that petitioner's plea of guilty was not voluntarily entered. Whether the guilty plea was coerced and involuntary is ordinarily a question of fact, and the trial court's findings are not to be disturbed unless they are clearly erroneous or without support in the record. Ridge v. Turner, 444 F.2d 3 (10th Cir); Crail v. United States, 430 F.2d 459 (10th Cir.). However, the only evidence before the district court or this court directed to the issue of the voluntariness of petitioner's guilty plea was the transcript of the arraignment itself. On its face, this transcript reveals nothing which could indicate that petitioner's guilty plea was anything other than voluntarily and intelligently entered. The record is simply insufficient to support any contrary finding. Thus, we must set aside the finding of the dis-

trict court relating to the validity of the petitioner's plea.

■ Petitioner states on this appeal that he had evidence outside the record which he had intended to introduce at the district court hearing, but was precluded from doing so by the court's premature ruling. As we understand the claim petitioner is now trying to establish in the federal courts, it differs substantially from the claim he originally made in state court. He has challenged the voluntariness of his plea in state and federal court, but the factual basis for his present claim has not been presented to the state courts. Therefore, with regard to this new theory and facts petitioner has failed to exhaust his state remedies. His petition, insofar as it relates to such claims, must be dismissed without prejudice to give the state court an opportunity to pass on these claims, should they be presented by appellee in further state proceedings. Daniels v. Nelson, 453 F.2d 340 (9th Cir.); United States ex rel. Figueroa v. McMann, 411 F.2d 915 (2d Cir.); United States ex rel. Boodie v. Herold, 349 F.2d 372 (2d Cir.); Schiers v. People, 333 F.2d 173 (9th Cir.).

■ There is, however, one constitutional error on which the record is clear and which the district court also considered. This relates to the sentencing of petitioner in the state court. The record shows that approximately two weeks after arraignment petitioner appeared before the same state judge to be sentenced, but his counsel was not present. Petitioner was nevertheless sentenced to five years to life. The imposition of this sentence in the absence of Gurule's counsel was clearly a violation of his constitutional rights, Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, and the state during oral argument requested a remand for resentencing.

■ The state objects to the immediate release of Gurule ordered by the trial court without affording it an opportunity to rearraign or resentence him. This court has held that when defects in the state proceedings are shown to exist, but which may be remedied by further proceedings in the criminal case, it is an abuse of discretion to effect the immediate release of the petitioner before the state has an opportunity to again act. Reed v. Turner, 444 F.2d 206 (10th Cir.); Ridge v. Turner, 444 F.2d 3 (10th Cir.); Gill v. Turner, 443 F.2d 1064 (10th Cir.); Green v. Turner, 443 F.2d 832 (10th Cir.). Accordingly, the order discharging the defendant is hereby set aside, and the State of Utah may reapprehend the petitioner, and resentence him if it so desires. Furthermore, to assist the State of Utah, the Clerk of the United States District Court for the District of Utah is hereby ordered to forthwith issue all necessary process, including the issuance of a bench warrant, for the arrest of Thomas Ray Gurule, to effect his return to the custody of the appellant Warden. If he shall be taken into federal custody he shall be returned to the custody of the Warden.

This case is remanded to the United States District Court, and it is directed that it be held in abeyance for a period of sixty days after the date of Gurule's return to the Warden's custody within which time the State of Utah may resentence the appellee. If the State fails to so resentence petitioner, a writ shall issue from the United States District Court discharging the petitioner. Wynn v. Page, 390 F.2d 545 (10th Cir.); Wynn v. Page, 369 F.2d 930 (10th Cir.); Hollon v. Tinsley, 334 F.2d 762 (10th Cir.). If the State of Utah does resentence the petitioner within the prescribed time, the petition herein, and the action, shall thereupon be dismissed by the District Court.

The disposition of the issue relating to lack of counsel at sentencing will leave unresolved the issues concerning the entry of appellee's guilty plea, since these have not been considered on a record arising from an evidentiary hearing. These issues must be raised initially by appellee in the Utah state courts, as hereinabove indicated. Thereafter, if

the other requirements are met, this dismissal shall not preclude a consideration by the United States District Court of another petition filed by appellee directed to the plea issue.

The case is reversed and remanded as hereinabove directed, and the mandate shall issue forthwith.