46 F.3d 1152
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles C. REED, Jr., Petitioner-Appellant,
v.
Ron CHAMPION, and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 Nos. 94-6068, 94-6227.
 United States Court of Appeals, Tenth Circuit.
 Jan. 6, 1995.
 
 ORDER AND JUDGMENT[1]
 Before BRORBY and EBEL, Circuit Judges, and SAM,** District Judge.
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 In No. 94-6068, petitioner Charles C. Reed, Jr. appeals from the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. In No. 94-6227, he appeals the district court's denial for lack of jurisdiction of his Fed.R.Civ.P. 60(b) motion to vacate judgment and amend his complaint. We conclude that the district court misinterpreted and inadequately considered one of the issues in Mr. Reed's petition. We therefore reverse the denial of the petition in part and remand for further proceedings.
 In 1986, Mr. Reed was arrested and charged with robbery and larceny arising out of several incidents occurring in late February and early March of that year. Prior to his trial, there were questions concerning Mr. Reed's competency, and the trial court ordered him committed to a state mental hospital for observation and evaluation. A hospital psychiatrist examined him and concluded he was competent to stand trial. Based on the psychiatrist's report, the court proceeded with the trial. On April 10, 1986, Mr. Reed was convicted of two counts of first degree robbery and three counts of grand larceny. He was sentenced to twenty-five years on each robbery count and twenty years on each larceny count, to be served consecutively, for a total of 110 years. He is currently serving this sentence.
 One of the arguments he raised on his direct appeal was that the trial court erred by not conducting a post-examination competency hearing as required by Okla. Stat. tit. 22, 1175.4(A). The Oklahoma Court of Criminal Appeals agreed and ordered the case remanded to address the competency question. Apparently because over three years had transpired since Mr. Reed's trial, the court directed that
 the trial court should make findings concerning the feasibility of presently determining appellant's competency to stand trial in light of Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). If feasible, the Court is to issue its findings as to Appellant's competency to stand trial when he did. The trial court should forward its findings to this Court within sixty (60) days from the date of this order.
 Reed v. Oklahoma, No. F-86-740, at 1-2 (Okla.Crim.App. July 10, 1989)(Order Remanding for Post-Examination Competency Hearing). The trial court apparently found it feasible to determine Mr. Reed's competency retrospectively, held a hearing (on a date not disclosed in the record), and determined that Mr. Reed was competent when he stood trial. In its unpublished opinion on direct appeal affirming the conviction and sentence, the Court of Criminal Appeals noted the trial court's competency determinations but did not further discuss the competency issue. State v. Reed, No. F-86-740, at 1-2 (Okla.Crim.App. June 9, 1990).
 Mr. Reed filed two motions for post-conviction relief that the state court denied because they raised issues that Mr. Reed either did raise or should have raised on direct appeal. He appealed only the second denial but apparently raised issues contained in both of his post-conviction motions. The Court of Criminal appeals affirmed the denial of relief.
 Mr. Reed then filed this pro se habeas action in the district court. He raises seven claims: (1) his retrospective competency hearing was invalid because it was held three and one-half years after his trial and he was unable to confront key witnesses who had died; (2) the prosecutor engaged in misconduct during the trial; (3) a prior conviction used for enhancement purposes was invalid; (4) the prosecution did not establish an essential element for one of the crimes of which he was convicted; (5) the trial court failed to instruct the jury regarding a lesser included offense for one of his charges; (6) his trial counsel was ineffective; and (7) his appellate counsel was ineffective. The district court found that Mr. Reed had procedurally defaulted claims three through seven because he failed to raise them in the appropriate state court proceedings and had not shown sufficient cause and prejudice to excuse this failure.[2] The district court addressed claims one and two on the merits and found them unpersuasive. It therefore denied the petition.
 We conclude that the district court misinterpreted Mr. Reed's first claim and therefore did not adequately address it. The district court stated that the first claim was that "the trial court erred by failing to conduct a post-competency hearing into his competency to stand trial." District court's January 25, 1994 order at 1. That interpretation agrees with the caption Mr. Reed gave to his first claim. However, reading beyond the caption and into the supporting facts in his petition and in a separate brief filed in support of his petition--and keeping in mind that we construe pro se pleadings liberally--it is clear that Mr. Reed acknowledges that he had a retrospective competency hearing but is really challenging the validity or "feasibility" of that hearing.[3] There is no indication in the record that the district court considered that claim or had available for its review the record of the state court competency proceedings.
 The issues raised by this claim appear to be serious. Mr. Reed's competence in this case was in question; the state trial court had referred him to a mental hospital for evaluation. However, after receiving a report that Mr. Reed was competent to stand trial, the trial court failed to conduct a hearing regarding Mr. Reed's competence prior to trial. As the Supreme Court has noted, "the conviction of an accused person while he is legally incompetent violates due process." Pate, 383 U.S. at 378; see also Lafferty v. Cook, 949 F.2d 1546, 1550 (10th Cir.1991)(competency to stand trial is aspect of substantive due process), cert. denied, 112 S.Ct. 1942 (1992). We have interpreted Pate to hold that
 if any information coming to the attention of the court raises a "bona fide doubt" of the defendant's competency to waive his constitutional rights and plead or to stand trial, it then becomes the inescapable duty of the court to conduct a due process hearing to determine mental competency and to make appropriate findings thereon.
 Wolcott v. United States, 407 F.2d 1149, 1151 (10th Cir.) (in banc), cert. denied, 396 U.S. 879 (1969); see also Barefield v. New Mexico, 434 F.2d 307, 309 (10th Cir.1970), cert. denied, 401 U.S. 959 (1971).
 As noted earlier, the Court of Criminal Appeals' remand order for a competency hearing was based on the Supreme Court's decision in Pate. Moreover, because the hearing would be retrospective--at least three years after the trial--the court directed the trial court to first determine whether it would be "feasible" to hold such a hearing. Pate refused to order a retrospective competency hearing because of the inherent difficulty of retrospectively determining competence, especially when aggravated by a six-year delay. 383 U.S. at 387; see also Lafferty, 949 F.2d at 1556 (same); cf. Tanner v. United States, 434 F.2d 260, 261, 262 (10th Cir.1970)(upholding retrospective hearing held eight years after trial; proceedings at time of trial did not "disclose a hint of mental incompetence"), cert. denied, 402 U.S. 912 (1971). We have upheld hearings occurring several years late, particularly where the examining psychiatrists were available to testify. See Barefield, 434 F.2d at 309; Crail v. United States, 430 F.2d 459, 461 (10th Cir.1970). Here, however, the examining psychiatrist and Mr. Reed's trial counsel had died prior to the competency hearing. Mr. Reed thus makes a colorable claim, and the district court should consider appointing counsel to represent him on remand.
 As to Mr. Reed's other claims, we agree with the district court that Mr. Reed procedurally defaulted claims three, five, six and seven and that the prosecutorial misconduct alleged in the second claim did not rise to the level of a constitutional violation. We therefore affirm the dismissal of these claims for substantially the same reasons stated in the district court's order.
 However, because we are remanding for further review of the competency hearing issue, we conclude that if the court does not grant relief on that issue, it should reconsider Mr. Reed's fourth claim. This is essentially a challenge to the sufficiency of the evidence supporting one of his larceny convictions. The facts leading to this conviction are as follows. Mr. Reed went into a store and acted as if he wanted to purchase some batteries. He handed the clerk a $20 bill to pay for them. When she opened the cash drawer to make change, Mr. Reed reached in and grabbed $60 and ran out the door, apparently still holding the batteries. He was convicted of grand larceny, which is theft of more than $50. He claims the net loss to the store was only $40, and there was insufficient evidence to support a grand larceny conviction. There is no indication in the record that his trial counsel raised this issue or requested an instruction on petit larceny, which is larceny of less than $50.
 Whether this claim has merit appears to depend on whether the amount stolen in this case was $60 or $40.[4] We have been unable to locate any Oklahoma law addressing this issue. Cf. United States v. Smith, 951 F.2d 1164, 1167 (10th Cir.1991)(amount of loss by fraud for sentencing purposes based on net rather than gross amount of what was taken). If, under Oklahoma law, the amount stolen was $40, Mr. Reed was prejudiced by this conviction.[5] Mr. Reed contends that this claim should not be considered procedurally defaulted because the failure to raise it on direct appeal resulted from ineffective assistance of counsel. See United States v. Walling, 982 F.2d 447, 449 (10th Cir.1992). He also contends that he is actually innocent of grand larceny, the crime with which he was charged, and therefore any default should be excused to prevent a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Because the district court did not recognize the potential merits of this claim, which affect the procedural default analysis, the court should reconsider this claim on remand.
 We briefly address appeal No. 94-6227, which stems from the district court's misinterpretation of Mr. Reed's competency hearing claim. After he filed his notice of appeal from the court's order dismissing his petition, he filed a Rule 60(b) motion to vacate that order and amend his petition to raise the claim that his competency hearing was invalid. Because we conclude that his original petition included that claim, there was no need for amendment, and the Rule 60(b) motion is now moot.
 However, we note that the district court apparently misconstrued the scope of its jurisdiction with respect to Mr. Reed's Rule 60(b) motion. The court denied the motion not on the merits but on the basis that it did not have jurisdiction because Mr. Reed had already filed his notice of appeal. In fact, the court retained limited jurisdiction over and could have considered that motion because Rule 60(b) motions do not affect the finality of the original order. Summers v. Utah, 927 F.2d 1165, 1168 (10th Cir.1991). The court had jurisdiction to deny the motion; if it intended to grant the motion, it should have certified that intent to us and requested that we remand the case. Id. at 1168-69.
 The district court's judgment dismissing Mr. Reed's petition in No. 94-6068 is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings in accordance with this order and judgment. The district court's order denying the motion to vacate and amend is VACATED as moot, and No. 94-6227 is DISMISSED as moot.
 SAM, J., concurring in part and dissenting in part
 
 
 1
 I join with the majority except I would affirm the district court's dismissal of claim four as a procedurally defaulted claim for the reason that Mr. Reed failed to raise this claim on direct appeal and has not shown a sufficient basis for excusing this failure. Coleman v. Thompson, 501 U.S. 722, 750 (1991).
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [2]
 According to his habeas petition, Mr. Reed raised issues three, four, and five in his first post-conviction motion and issues three through seven in his second post-conviction motion. He does not contend, and his direct appeal brief does not indicate, that he raised any of these five issues on direct appeal
 
 
 [3]
 The caption for the first claim in Mr. Reed's petition reads: "The trial court committed reversible error by failing to conduct a post-conviction examination hearing into petitioner's competency to stand trial." The supporting facts beneath that caption state:
 The Okla. Cr. remanded the Petitioner back to the District Court for a post-competency hearing, (3 Sec. ) years after the examination.... In doing so the Petitioner's fundamental right to confront witnesses against and for was deprived; both the psychiatrist, R.D. Garcia, and Petitioner attorney and witness, Phillip Douglass, had both demised prior to the post-competency hearing. The (6) person jury did not observe the Petitioner at the crucial time of the examination consequently requiring them to reflect from the record, and from the record of a state's psychiatrist, R.D. Garcia, whose methods and credentials came under sharp scrutiny.
 R. Doc. 1 at 5. Though again using a somewhat misleading caption, Mr. Reed's brief filed in support of his petition contends that
 [t]he petitioner was given a post-exam competency hearing pursuant to 22 O.S.1981 section 1175.5-1175.8, three and one half years after petitioner's jury trial, which should not have been feasible, especially more so after considering the unusual circumstances: A bare record was used to reflect from; being the main witnesses for and against had demised before the competency hearing. This deprived the petitioner of his sixth amendment rights to be confronted with witnesses against; and to have have [sic] compulsory process for obtaining witnesses in his favor being both the forensic psychiatrist for the state, R.D. Garcia, and petitioner's retrospective lawyer and main witness had deceased, before the hearing.
 R. Doc. 12 at 1.
 
 
 [4]
 There apparently was no evidence of the value of the batteries Mr. Reed took, so they cannot be considered. See Holland v. State, 232 P. 454, 454 (Okla.Crim.App.1925)(reversing grand larceny conviction where there was no evidence of the value of goods stolen)
 
 
 [5]
 Mr. Reed was sentenced to twenty years for this conviction, the minimum for a felony after two priors. Okla. Stat. tit. 21, 51B. The maximum enhanced petit larceny sentence, even if he had been charged with that offense, appears to be only five years. Id. 51A.3. Thus, the conviction increased his total sentence by fifteen to twenty years