F I L E D
**United States Court of Appeals
Tenth Circuit**

**JAN 29 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CHARLES C. REED,

        Petitioner-Appellant,

v.

RON CHAMPION; ATTORNEY
GENERAL,

        Respondents-Appellees.

No. 96-6402
(D.C. No. CIV-93-969-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

After examining the appellant's brief and appellate record, this panel has

determined unanimously that oral argument would not materially assist the

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This case, wherein petitioner seeks habeas relief under 28 U.S.C. § 2254, is before us on appeal for the second time.[1] The first time, we reversed in part the district court's denial of the petition, and remanded the case for further consideration of two claims: (1) petitioner's challenge to the validity or feasibility of his retrospective competency hearing, and (2) his challenge to the sufficiency of the evidence supporting one of his grand larceny convictions.

On remand, the district court determined that the retrospective competency hearing passed constitutional muster and thus concluded that petitioner was not entitled to habeas relief on that issue. Petitioner's sufficiency of the evidence claim, however, was found to be meritorious, and the district court ultimately ordered the state to file the appropriate charging documents for the lesser included offense of petit larceny or, in the alternative, to order petitioner's permanent release from custody on the challenged count, within 60 days, to avoid issuance of the writ.

---

[1] This is actually petitioner's third appeal, but the first two were consolidated for decision.

During the course of that 60-day period,[2] on April 16, 1996, the United States Supreme Court issued its decision in Cooper v. Oklahoma, 116 S. Ct. 1373 (1996), holding unconstitutional the Oklahoma law that presumes a defendant competent unless he proves otherwise by clear and convincing evidence. Petitioner immediately filed with the district court a request for reconsideration of the competency hearing issue, noting accurately that, at his retrospective competency hearing, he was held to that now-unconstitutional standard of proof. The court denied petitioner's request for reconsideration on exhaustion grounds, explaining that:

> [t]he competency issue raised previously by petitioner before this Court pertained to whether it was feasible for the state court to conduct a retrospective hearing to determine the competency of petitioner to stand trial. Petitioner has not satisfied his burden of showing that the Cooper issue raised by petitioner in his motion for reconsideration is an issue he raised in state court post-conviction proceedings.

District Court Record, doc. 63 at 1. Petitioner then filed a motion asking the district court to hold his petition in abeyance pending the exhaustion of his Cooper claim. This motion was also denied, and judgment was ultimately entered, noting petitioner's release from custody on the invalid felony conviction and denying the petition in all other respects.

---

[2] The state court actually entered an order releasing petitioner from custody on the invalid conviction on March 29, 1996, but the federal district court was not informed of that fact by the state until June 19, 1996.

-3-

Petitioner now appeals from (1) the district court's denial of his petition on the competency hearing issue, (2) the district court's refusal to reconsider its ruling on the competency hearing issue in light of Cooper, and (3) the district court's refusal to hold his petition in abeyance pending exhaustion of his Cooper claim. The district court denied a certificate of appealability on December 26, 1996. We have since held that with respect to petitions, like this one, that were filed before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), it is a pre-AEDPA certificate of probable cause that is required, rather than an AEDPA certificate of appealability. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). In any event, the preliminary issue before us is whether petitioner has made a substantial showing of the denial of a constitutional right. See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), overruled in part by Lindh v. Murphy, 117 S. Ct. 2059, 2061 (1997). Having carefully reviewed petitioner's brief and the record, we conclude that petitioner has failed to make such a showing.

In challenging the feasibility of his retrospective competency hearing, petitioner relies, as he did in his earlier appeal, on the three and one-half years that elapsed between his trial and his required competency hearing, and the intervening death of two key witnesses, trial counsel and the examining

psychiatrist.  Our earlier decision in this case made it clear that the mere lapse of time does not necessarily preclude a valid competency hearing.  See Reed v. Champion, 1995 WL 4007, at *3 (10th Cir. Jan. 6, 1995) (citing Barefield v. New Mexico, 434 F.2d 307, 309 (10th Cir. 1970);  Crail v. United States, 430 F.2d 459, 461 (10th Cir. 1970)).  In addition, by our remand of the case to the district court for further consideration, we implicitly declined to hold that the unavailability of the examining psychiatrist and/or trial counsel  rendered the retrospective competency hearing per se inadequate.

The question as to whether a meaningful retrospective hearing is possible necessarily involves a case by case determination, and depends on whether "the state of the record, together with such additional evidence as may be relevant and available, permits an accurate assessment of the defendant's condition at the time of the original state proceedings."  Reynolds v. Norris, 86 F.3d 796, 802 (8th Cir. 1996);  see also Wheat v. Thigpen, 793 F.2d 621, 630 (5th Cir. 1986) (meaningful hearing is possible "where there is sufficient data available to guarantee reliability";  the question is "whether the quantity and quality of available evidence [is] adequate to arrive at an assessment that [can] be labeled as more than mere speculation") (further quotation omitted).  Among the factors considered in determining whether a meaningful hearing may be held are "the existence of contemporaneous medical evidence, the recollections of non-experts

who had the opportunity to interact with the defendant during the relevant period, statements by the defendant in the trial transcript, and the existence of medical records." Reynolds, 86 F.3d at 803. Key to the determination is the availability of evidence "derived from knowledge contemporaneous to trial." Bruce v. Estelle, 536 F.2d 1051, 1057 (5th Cir. 1976) (further quotation omitted) ("Especially where medical information substantially contemporaneous to trial is available, the chances for an accurate assessment increase."); see also Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("[R]etrospective determination may satisfy the requirements of due process provided it is based on evidence related to observations made or knowledge possessed at the time of trial."); Moran v. Godinez, 57 F.3d 690, 696 (9th Cir. 1994) ("[M]edical reports contemporaneous to the time of the initial hearing greatly increase the chance for an accurate retrospective evaluation of a defendant's competence.").

In his report and recommendation, the magistrate in this case set out at length the evidence presented at petitioner's retrospective competency hearing. There is no need to repeat it here. Having carefully reviewed the record, we agree with the district court's conclusion that in this case, even without the testimony of trial counsel or the examining psychiatrist, there was a sufficient basis from which to make a legitimate retrospective competency determination.

Turning to petitioner's challenge to the district court's refusal to reconsider its ruling in light of <u>Cooper</u>, we note that the court denied reconsideration because it correctly concluded that the <u>Cooper</u> issue raised in the motion for reconsideration was unexhausted.[3] Petitioner states on appeal that he has now exhausted his <u>Cooper</u> claim, and has attached to his brief a copy of a state court order (entered seven months after the district court denied his motion for reconsideration and four months after judgment in his 2254 action), which supports that statement, but also raises the issue of state procedural default. In any event, if petitioner would like to pursue federal habeas relief on his now-exhausted <u>Cooper</u> claim, he is free, pursuant to 28 U.S.C. § 2244(b)(3)(A), to ask this court for an order authorizing the district court to consider a second application for a writ of habeas corpus.

---

[3]     We reject the suggestion in petitioner's brief that simply because both the feasibility issue and the standard of proof issue have their genesis in due process, they should be regarded as one issue for exhaustion purposes.

The petitioner's request for a certificate of probable cause is denied, and the appeal is dismissed.

Entered for the Court

James E. Barrett
Senior Circuit Judge