COMMERCIAL CREDIT EQUIPMENT
CORPORATION, a Delaware Corpo-
ration, Plaintiff-Appellee,

v.

L & A CONTRACTING COMPANY,
INC., a Mississippi Corporation,
Defendant-Appellant.

No. 76–3302
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 30, 1977.

Rehearing and Rehearing En Banc
Denied May 9, 1977.

Francis T. Zachary, George E. Gillespie, Jr., Hattiesburg, Miss., for defendant-appellant.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

**980**

R. A. Gray, III, Hattiesburg, Miss., for plaintiff-appellee.

Before GODBOLD, TJOFLAT and FAY, Circuit Judges.

GODBOLD, Circuit Judge:

This is an appeal by L & A Contracting Company (L & A) from a jury verdict of $25,000 in favor of Commercial Credit Equipment Corporation (CCEC). We affirm. Only one issue on appeal, the failure of the court reporter to record the closing arguments of the attorneys, warrants full discussion here.

L & A financed the purchase of an airplane through CCEC under an agreement known as a finance lease. Under the terms of this arrangement CCEC owned the plane and leased it to L & A for a monthly sum. After this lease had been in effect for almost a year and a half, L & A, under the terms of the lease, wished to have the aircraft sold and end its obligation to CCEC. The plane was sold and, through an error, CCEC undercalculated its interest in the plane by $27,000 and subsequently overpaid L & A $27,000 from the proceeds of the sale. This suit was brought to recover the overpayment.

The court reporter failed to transcribe the closing arguments of the attorneys. L & A contends that this is reversible error because it precludes review of whether there was a critical error committed in the closing argument of the attorney for CCEC. We disagree.

 The Court Reporters Act, 28 U.S.C. § 753(b), requires that all open court proceedings in civil cases be recorded unless otherwise agreed by the parties.[1] While the requirements of this Act are mandatory and not permissive, a violation is not reversible error per se. *Calhoun v. United States,* 384 F.2d 180 (CA5, 1967).

 This court has set up three hurdles in interpreting the Court Reporters Act, and L & A must clear two of them in order to gain a reversal. The first is that there must be a contention that error was committed in the omitted portion of the record. *Id.* L & A has made this contention with enough specificity to meet this threshold burden. Next, L & A must show that in its present form the record is insufficient to permit review of the claim of error. *Id.* L & A has failed to meet this requirement. The record as now constituted is enough to allow us to pass on the error alleged. Here all counsel for both sides filed post-trial affidavits concerning the contents of the omitted closing arguments, and, at a hearing on L & A's motion for new trial, the court reporter and attorneys for both sides testified about the nonrecorded portion of the record. This testimony and these affidavits tell approximately the same story and contain no major contradictions. The affidavits and testimony concerning the omitted closing argument make the record complete enough for us to pass upon L & A's claim of error contained in the closing argument of CCEC's attorney.

The final hurdle L & A must clear if it is to obtain a reversal is that it must show that a portion of the closing argument of CCEC's attorney was so prejudicial as to require us to vacate the jury verdict and order a new trial. L & A has not made this showing. L & A complains that after the trial court had agreed to give a jury instruction saying that L & A had relied on

1. 28 U.S.C. § 753(b) provides:
 "(b) One of the reporters appointed for each such court shall attend at each session of the court and at every other proceeding designated by rule or order of the court or by one of the judges, and shall record verbatim by shorthand or by mechanical means which may be augumented by electronic sound recording subject to regulations promulgated by the Judicial Conference: (1) all proceedings in criminal cases had in open court; (2) all proceedings in other cases had in open court unless the parties with the approval of the judge shall agree specifically to the contrary . . . ."

CCEC's representation as to the amount of CCEC's interest in the airplane,[2] CCEC's attorney questioned whether L & A in fact had relied. CCEC's attorney states that he was questioning whether L & A's reliance was justified and in good faith. L & A objected to this portion of CCEC's closing argument at the time it was made and the objection was overruled. L & A also raised this point in a motion for mistrial after the closing arguments. The motion was denied.

Generally, an attorney is to be given a good deal of leeway in his argument to the jury, and a trial judge has wide discretion in regulating the scope of the argument. *Schleunes v. American Cas. Co. of Reading, Pa.,* 528 F.2d 634 (CA5, 1976); *Shaw Warehouse Co. v. Southern Ry. Co.,* 288 F.2d 759 (CA5, 1961), *cert. denied,* 369 U.S. 850, 82 S.Ct. 933, 8 L.Ed.2d 9 (1962). This discretion was not abused in this case. CCEC's attorney's questioning of the nature of L & A's reliance was taken from the evidence and reasonable inferences which could be drawn from the evidence and thus was allowable. *See Duncan v. St. Louis-San Francisco Railway Co.,* 480 F.2d 79 (CA8, 1973). Whether L & A's reliance was justified and in good faith and to what extent L & A had changed its position based on the reliance were fair issues to raise to the jury. From reading the record, the affidavits and testimony on the closing arguments and the jury instructions we hold that the trial court was within the bounds of its discretion in allowing the argument.

L & A's other contentions are without merit.

AFFIRMED.

2. The instruction read: "You are further instructed, members of the jury, that Commercial Credit Equipment Corporation was negligent in furnishing the payoff figure to L & A Contracting Company, and that L & A Contracting Company relied on said payoff figure." There were several other instructions which dealt with reliance which seem to make the instruc-

tion quoted less absolute than it appears on its face. For example, the next instruction contains "If you find that L & A Contracting Company relied [to] its detriment. . . ."

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.