Pedro ORNELAS, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 87–5134
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 25, 1988.

---

Pedro Ornelas, pro se.

Leon B. Kellner, U.S. Atty., Harriet Galvin, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for defendant-appellee.

Before TJOFLAT, HATCHETT and ANDERSON, Circuit Judges.

TJOFLAT, Circuit Judge:

This is an appeal from the district court's order denying the appellant's motion, made pursuant to 28 U.S.C. § 2255 (1982), to set aside his conviction for traveling in foreign commerce to facilitate a business enterprise involving narcotics, a felony. *See* 18 U.S.C. § 1952 (1982). We affirm.

The appellant was convicted on a plea of guilty to an information. Under Fed.R. Crim.P. 7(b), a defendant may not plead guilty to an information charging a felony unless he "waives in open court prosecution by indictment." The appellant contends that his conviction is a nullity, and therefore must be set aside, because in tendering his plea he did not waive in open court his right to be prosecuted by indictment.[1]

At the time the appellant pled guilty to the information, he and three codefendants were standing trial before a jury on an indictment that charged them with conspiracy to import cocaine and marijuana into the United States and various related substantive offenses. The trial, which was to take three weeks, was in its second day, and the appellant and his codefendants had

apparently concluded that rather than risking a jury verdict they would be better off accepting the deal the prosecutor had offered them. Shortly after the noon recess, the prosecutor and defense counsel, in the presence of the defendants, notified the court that the Government had reached a plea agreement with each of the defendants; whereupon, the court excused the jury and entertained the defendants' changes of plea.

The court rearraigned the defendants in the order in which they were named in the indictment.[2] The appellant's codefendants, who preceded him, each pled guilty to one count, and in one case two counts, of the indictment in exchange for the Government's dismissal at sentencing of the remaining counts. The appellant pled guilty to the information described above, charging a violation of 18 U.S.C. § 1952 (1982), and the Government agreed to dismiss his indictment upon the imposition of sentence.

Before the appellant tendered his plea, the prosecutor placed the terms of the appellant's plea agreement on the record and filed the information setting forth the section 1952 offense. The court then examined the appellant, as required by Fed.R. Crim.P. 11. The court began by summarizing the allegations of the information, and after the appellant stated that he understood the nature of the charge, the court satisfied itself that the appellant had had ample opportunity to consult with counsel about the matter and was tendering his plea voluntarily, with a full understanding of its consequences. In particular, the appellant acknowledged that if the court accepted his plea, the trial then in progress would be aborted and he would lose the right to proceed to a verdict at the hands of the jury empaneled to try his case.

The court accepted the appellant's guilty plea. It did so, however, without obtaining from the appellant an express acknowledgement that he wished to plead guilty to

---

1. The appellant presents other grounds in support of his motion to set aside his conviction. They are frivolous and deserve no discussion.

2. The appellant was present with counsel throughout the rearraignment of his codefendants. By the time he tendered his plea, he was fully aware of the rights a defendant must be prepared to waive in choosing to change his plea from not guilty to guilty after jeopardy has attached.

an information rather than an indictment. The appellant now contends that the court's failure to obtain his explicit waiver of indictment on the section 1952 charge rendered his guilty plea, and thus his conviction and sentence, a nullity. We are not persuaded.

■ Rule 7(b) authorizes the prosecution of a felony by information if the defendant waives indictment.[3] The Rule does not require an express waiver; depending on the circumstances of the case, a waiver can be implied. All that Rule 7(b) commands is that the defendant waive indictment and that he do so in open court.

■ Considering the circumstances under which the appellant chose to change his plea and what transpired at his rearraignment, we conclude as a matter of law that he waived prosecution by indictment in this case. During his plea negotiations with the prosecutor, the appellant's lawyer apparently[4] indicated that his client refused to plead guilty to any of the charges contained in the existing indictment but would be willing to plead to a less serious charge, e.g., a section 1952 offense.[5] Such a plea could not be entertained, however, unless the appellant waived indictment and pled to an information; the parties were in the midst of trial and the prosecutor simply had no time to re-present the case to the grand jury and acquire a new indictment. Because the appellant wanted to abort his trial and bring his prosecution to an end, his lawyer advised the prosecutor that the appellant would waive indictment and plead to an information. Counsel then agreed that the information would allege a section 1952 offense, and a tentative plea agreement was reached. The appellant promptly accepted the deal and changed his plea. At rearraignment, when the appellant informed the court that he wished to plead to the information, which superseded his pending indictment, he effectively waived reindictment within the meaning of Rule 7(b).

In sum, the district court's failure to obtain from the appellant an express waiver of indictment before accepting his plea to an information constituted what the Ninth Circuit has described as a mere "technical violation" of Rule 7(b). *United States v. Travis,* 735 F.2d 1129, 1131 (9th Cir.1984). A technical violation of Rule 7(b) is not an error that warrants relief pursuant to 28 U.S.C. § 2255 (1982). *Cf. Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962) ("[C]ollateral relief is not available when all that is shown is a failure to comply with the formal requirements of [Fed.R.Crim.P. 32(b) ].''). Certainly, the district court's examination of the appellant, in entertaining his guilty plea, did not amount to a "fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. It does not present 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.' " *Id.* at 428, 82 S.Ct. at 471 (quoting *Bowen v. Johnston,* 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455 (1939)). This "exceptional circumstances" standard also governs the granting of relief pursuant to section 2255. *Id.* at 427–28, 82 S.Ct. at 471.

AFFIRMED.

3. The fifth amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." The defendant may waive this constitutional guarantee, *see United States v. Ferguson,* 758 F.2d 843, 850 (2d Cir.), *cert. denied,* 474 U.S. 1032, 106 S.Ct. 592, 88 L.Ed.2d 572 (1985); *United States v. Gill,* 55 F.2d 399, 403 (D.N.M.1931), just as he may waive other constitutional rights, e.g., the right to counsel or the right to trial by jury. *See* Fed.R.Crim.P. 7(b) advisory committee's note.

4. The record contains no testimony or other evidence as to precisely what the appellant's lawyer and the prosecutor said to one another during their plea negotiations. We infer what is recited in the text from the terms of the plea agreement and the colloquy between the court, counsel, and the appellant at the rearraignment.

5. The section 1952 offense either called for a lesser sanction, in terms of a fine or imprisonment, or would be treated by the United States Parole Commission as less serious than any of the offenses stated in the appellant's indictment.