**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Blas CHAVEZ, Defendant–Appellant.**

**No. 87–1371.**

United States Court of Appeals, Tenth Circuit.

Dec. 13, 1988.

Charles R. Finley of Warner & Finley, Albuquerque, N.M., for defendant-appellant.

Stephen R. Kotz, Asst. U.S. Atty. (William L. Lutz, U.S. Atty.; and Jennifer A. Salisbury, Asst. U.S. Atty., on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before SEYMOUR, and SETH, Circuit Judges, and O'CONNOR,* District Judge.

SEYMOUR, Circuit Judge.

Blas Chavez pled guilty to an information charging two counts of intentionally selling or disposing of stolen goods in interstate commerce in violation of 18 U.S.C. § 2315 (1982 & Supp. IV 1986). He was sentenced to ten years' imprisonment followed by five years' probation. Chavez filed this action under 28 U.S.C. § 2255 (1982), alleging that his sentence is illegal

---

* Honorable Earl E. O'Connor, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

because he actually pled guilty to violations of a statute different from that under which he was sentenced. He also alleges a violation of the Court Reporters Act, 28 U.S.C. § 753 (1982). After a hearing before a magistrate, the district court denied the petition. We affirm.

## I.

On January 6, 1981, a grand jury filed a sixteen-count indictment against Chavez centered around allegations that he and certain associates had imported marijuana into the United States and also that he had stolen vehicles and goods moving in interstate commerce. A flurry of plea bargaining followed the indictment. Three separate full length plea agreements were drafted, the last two of which are the subject of this dispute. In the second agreement, Chavez agreed to plead guilty to counts XIII and XV of the indictment, which charged him with moving stolen goods in interstate commerce in violation of 18 U.S.C. § 659 (1982), and the Government agreed to drop the remaining counts of the indictment. In the third agreement, the Government agreed to drop the indictment, and Chavez agreed to waive prosecution by indictment and plead guilty to an information filed March 26, 1981, charging him with two counts of selling or disposing of stolen goods moving in interstate commerce in violation of a different statute, 18 U.S.C. § 2315.

On April 10, 1981, the district court sentenced Chavez for two counts of violating 18 U.S.C. § 659, as charged in counts XIII and XV of the indictment. He received ten years' imprisonment for count XIII and five years' probation for count XV. The court vacated this sentence on April 13 and sentenced Chavez for two violations of 18 U.S.C. § 2315 as charged in the newly filed information. Chavez received a sentence identical to that previously imposed: ten years' imprisonment for count I of the information and five years' probation for count II.

Chavez filed this petition in October 1985, alleging that he was denied his right to be prosecuted by indictment. After appointment of counsel, the petition was amended to claim that although Chavez was ultimately sentenced under counts I and II of the information, in fact he had pled guilty to counts XIII and XV of the original indictment pursuant to the second plea agreement. He argues that his sentence was illegally imposed because he pled guilty to violations of section 659 but was sentenced under section 2315. Unfortunately for all concerned, a thorough search failed to locate either the reporter's notes or a transcript of any of the three court appearances. Chavez claims that the failure to retain these records constitutes a violation of the Court Reporters Act, 28 U.S.C. § 753 (1982). He contends that this violation entitles him to relief, although what specific relief he desires remains unclear.

## II.

The relevant portions of the Court Reporter's Act require the recording

"... verbatim by shorthand, mechanical means, electronic sound recording, or any other [approved] method ... (1) all proceedings in criminal cases had in open court....

The reporter ... shall attach his official certificate to the original shorthand notes or other original records so taken and promptly file them with the clerk who shall preserve them in the public records of the court for not less than ten years."

28 U.S.C. § 753(b).

The parties stipulated that after a diligent search, the court clerk's office could not find the original records of Chavez's plea proceedings or of his two sentencings. It is clear this constitutes a violation of the provision of the Act requiring the clerk to keep such records for ten years. It is less clear whether Chavez is entitled to any remedy for this violation.

There are a number of cases, reviewing convictions on direct appeal, involving violations of the Court Reporter's Act. Courts in these cases, including this circuit, have held that "... failure to comply with

the statute does not constitute prejudicial error per se." *United States v. Alfonso*, 552 F.2d 605, 620 (5th Cir.1977). *Accord Commercial Credit Equip. Corp. v. L & A Contracting Co.*, 549 F.2d 979, 980 (5th Cir.1977); *Edwards v. United States*, 374 F.2d 24 (10th Cir.1966). The Fifth Circuit recognizes an exception to this general rule when a substantial and significant part of the transcript is missing and a defendant is represented by new counsel on appeal. Under such circumstances prejudice is presumed. *United States v. Brumley*, 560 F.2d 1268, 1281 (5th Cir.1977). If trial counsel represents the defendant on appeal, on the other hand, the defendant must show specifically how the unavailability of portions of the transcript prejudices efforts to attack his conviction. *Id.*

▮ The reasoning in these cases is not directly applicable to a petition to vacate a sentence under section 2255, however, because in the latter instance the petitioner must demonstrate an error constituting "a fundamental defect which inherently results in a complete miscarriage of justice, [ ]or an omission inconsistent with the rudimentary grounds of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). Mere technical violations of the reporting rule are thus not cognizable as bases for relief under section 2255. While a violation of the Act by itself is not a ground for relief, however, "if a denial of appellant's rights in some other respect were alleged, the absence of a record might be a significant factor in determining whether in all the circumstances there had been a denial of fundamental fairness." *Brown v. United States*, 314 F.2d 293, 295 n. 1 (9th Cir.1963). *See United States v. Taylor*, 303 F.2d 165, 169 (4th Cir.1962) (reversing dismissal of section 2255 petition and remanding to district court with instructions to reconstruct record based, *inter alia*, on petitioner's testimony).

▮ In this case, the magistrate held a hearing and determined that none of Chavez's fundamental rights were violated. The magistrate found that on March 26, 1981, Chavez signed a waiver of indict-

ment, and pled guilty to the newly filed information pursuant to the terms of the third plea agreement. Magistrate's Proposed Findings and Recommended Disposition, rec., vol. I, doc. 54, pp. 3–4 (hereinafter Findings). He further found that Chavez was sentenced on April 10 under the indictment and not the information because of a clerical error in the presentence report, based on the testimony of probation officer Anthony Baca, the author of that report. Findings at 4. The magistrate concluded that the only credible explanation for the guilty plea followed by two sentencings was that Chavez pled guilty to two counts of violating 18 U.S.C. § 2315 on March 26, was erroneously sentenced under 18 U.S.C. § 659 on April 10, and then was properly sentenced under 18 U.S.C. § 2315 on April 13. *Id.* The district court adopted the magistrate's findings, after a de novo review of those portions contested by Chavez. Rec., vol. I, doc. 56 p. 1. *See* 28 U.S.C.A. § 636(b)(1) (Supp.1988).

These are all findings of fact, subject to reversal only if clearly erroneous. Fed.R. Civ.P. 52(a); *Crail v. United States*, 430 F.2d 459, 460 (10th Cir.1970). In fact, the findings are amply supported by the record. The docket sheets indicate that on March 26, 1981, Chavez pled to a newly filed information charging two violations of 18 U.S.C. § 2315. The court records contain a waiver of indictment, rec., vol. I, doc. 21, and a plea agreement whereby Chavez agreed to plead guilty to the new information, rec., vol. I, doc. 23. Both documents were signed in open court by Chavez, his attorney, and the prosecuting attorney. The docket sheet further indicates that Chavez was eventually sentenced under these counts on April 13. The testimony of Bacca that the sentencing report contained a clerical error provides a logical explanation for this sequence of events. Transcript of Proceedings, rec., vol. II, at 91–92. The only evidence contrary to this explanation is Chavez' testimony, which the Magistrate specifically found lacking in credibility. Findings at 3–4. Such findings based on the credibility of witnesses are the special province of the trial court, and cannot be re-examined on appeal. *See Volis v.*

*Puritan Life Ins. Co.*, 548 F.2d 895, 901 (10th Cir.1977); *Ridge v. Turner,* 444 F.2d 3, 5 (10th Cir.1971). Given the weight of evidence in the record supporting the findings, and the deference we must afford triers of fact in the evaluation of the credibility of witnesses, we cannot say the findings are clearly erroneous.

We therefore conclude that the violation of the Court Reporter's Act did not result in a miscarriage of justice. The court below was able, through an evidentiary hearing, to reconstruct the sequence of events resulting in Chavez' conviction. Its finding that Chavez was sentenced under the statutory provision to which he pled guilty is supported by the record. Consequently, the district court properly denied the section 2255 motion to correct sentence.

AFFIRMED.