963 F.2d 383
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John O. GREEN, also known as John O. Hornung, Defendant-Appellant.
 No. 91-6273.
 United States Court of Appeals, Tenth Circuit.
 May 12, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In 1986, Defendant, a former attorney, was convicted on one count of conspiracy to defraud the United States by concealing taxable income of a client, in violation of 18 U.S.C. § 1623, and acquitted on several related charges. This court affirmed his conviction in United States v. Hornung, 848 F.2d 1040 (10th Cir.1988), cert. denied, 489 U.S. 1069 (1989). Thereafter, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, asserting three grounds for relief: (1) prosecutorial misconduct in violation of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny; (2) failure of the trial judge to recuse where circumstances compelled his disqualification; and (3) ineffective assistance of counsel in knowingly neglecting to seek disqualification of the trial judge. The district court denied the motion, and Defendant now appeals that ruling. We affirm.
 
 
 3
 The district court conducted an extensive and particularized examination of the alleged Brady violations. See District Court Order filed July 11, 1991 (Order), at 15-27. Upon deferential review of its factual findings and de novo review of its legal analysis, see United States v. Buchanan, 891 F.2d 1436, 1440 (10th Cir.1989), cert. denied, 494 U.S. 1088 (1990), we conclude that the district court properly denied relief on this ground. In light of the overwhelming evidence of Defendant's guilt already recognized by this court on his direct appeal, see Hornung, 848 F.2d at 1045, the matters identified by Defendant as Brady violations are insufficient to undermine the validity of his conviction. See Boschen v. United States, 845 F.2d 921, 922 (11th Cir.1988); see also United States v. Blair, 886 F.2d 477, 480 (1st Cir.1989); cf. Carter v. Rafferty, 826 F.2d 1299, 1308-09 (3d Cir.1987), cert. denied, 484 U.S. 1011 (1988).
 
 
 4
 " '[M]ost matters relating to judicial disqualification [do] not rise to a constitutional level.' " Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 820 (1986) (quoting FTC v. Cement Inst., 333 U.S. 683, 702 (1948)). This point is especially significant in the present context because absent jurisdictional deficiencies or specific constitutional concerns, § 2255 may be invoked only to redress " 'a fundamental defect which inherently results in a complete miscarriage of justice.' " United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Violations of statutory or rule-governed criminal procedures generally will not sustain a motion for § 2255 relief. See, e.g., United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (violation of Fed.R.Crim.P. 11 plea procedures); United States v. Prichard, 875 F.2d 789, 790 (10th Cir.1989) (lack of written waiver of jury trial, as required by Fed.R.Crim.P. 23(a)); United States v. Chavez, 862 F.2d 1436, 1437-38 (10th Cir.1988) (failure to preserve record of court proceedings, in violation of 28 U.S.C. § 753(b)), cert. denied, 490 U.S. 1099 (1989); Ornelas v. United States, 840 F.2d 890, 892 (11th Cir.1988) (absence of express waiver of indictment, as required by Fed.R.Crim.P. 7(b)). Thus, a mere technical violation of the recusal statutes, 28 U.S.C. §§ 144, 455, will not sustain a collateral attack on a conviction. See United States v. Couch, 896 F.2d 78, 81 (5th Cir.1990); Hardy v. United States, 878 F.2d 94, 98 (2d Cir.1989). With these principles in mind, we hold that Defendant's allegations of disqualification, discussed at length by the district court, see Order at 3-12, 30-32, do not establish the sort of direct, personal, and substantial adverse interest necessary to warrant post-judgment relief. See Couch, 896 F.2d at 81-82 (applying standard derived from Aetna, 475 U.S. at 821-22, 824-25); cf. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 850, 862-70 (1988) (relief from civil judgment under Fed.R.Civ.P. 60(b) for § 455 violation granted where trial judge had substantial financial interest in outcome, and aggrieved party's delay in asserting objection was attributable to judge's failure to disclose interest).
 
 
 5
 With respect to Defendant's ineffective assistance of counsel claim, we review the district court's factual findings for clear error and its legal conclusion de novo. United States v. Owens, 882 F.2d 1493, 1501-02 n. 16 (10th Cir.1989). As we have already rejected on the merits any fundamental or constitutional dimension of the underlying recusal issue, Defendant's ineffective assistance claim encompasses only counsel's election not to test Defendant's statutory rights under §§ 144, 455. See Owens, 882 F.2d at 1500 (citing Kimmelman v. Morrison, 477 U.S. 365, 375 (1986), for principle that counsel cannot be deemed constitutionally ineffective for failing to pursue nonmeritorious issue).
 
 
 6
 Defendant must show that counsel's performance was constitutionally inadequate and that counsel's inadequacy prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). As for the first element, there exists a strong presumption that the challenged actions of counsel reflect professionally reasonable decisions of trial strategy. Id. at 689. We consider that presumption controlling here. See, e.g., Holloway v. United States, No. 90-2648, 1992 WL 46455 1992 U.S.App.LEXIS 4236 at * 23 (8th Cir. March 13, 1992) (presumption in favor of professional competence controlling where counsel assessed known facts regarding disqualification in light of personal knowledge of judge and concluded recusal motion would not be appropriate). Furthermore, because the adverse bench rulings cited by Defendant all relate to the guilt phase of the criminal proceeding, see Brief of Appellant at 42, the overwhelming evidence of guilt presented by the prosecution negates the prejudice element of Defendant's ineffective assistance claim. See generally United States v. Earley, 746 F.2d 412, 419 (8th Cir.1984) (ineffective assistance claim undercut by overwhelming nature of state's case against defendant), cert. denied, 472 U.S. 1010 (1985).
 
 
 7
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3