UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 01-4747

DESI ARNEZ GLASPY,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-00-33)

Submitted: July 31, 2002

Decided: August 22, 2002

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Eric A. Bach, Charlotte, North Carolina, for Appellant. Brian Lee Whisler, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Desi Arnez Glaspy appeals from his criminal conviction for bank robbery, in violation of 18 U.S.C.A. § 2113 (West 2000), following a guilty plea. On September 10, 2001, he was sentenced to 151 months imprisonment, 3 years supervised release, and ordered to pay $2218 restitution.

Glaspy's appointed counsel raises two issues on appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967): (1) whether Glaspy's guilty plea was invalid because he had not been indicted at the time of his Rule 11 hearing and did not waive his right of indictment until the sentencing hearing; and (2) whether the trial court erred in including Glaspy's previous convictions for breaking and entering a residence and attempted breaking and entering a residence as crimes of violence for career offender purposes.

On appeal, Glaspy raises several issues pro se: (1) whether Glaspy's counsel was ineffective during the Rule 11 hearing by agreeing to waive the right to indictment; (2) whether Glaspy's guilty plea was voluntarily entered; (3) whether Glaspy's guilty plea was invalid because he had not been indicted at the time of his Rule 11 hearing and did not waive his right of indictment until the sentencing hearing.

This court reviews Rule 11 plea hearings for plain error. *United States v. Martinez*, 277 F.3d 517, 524, 527 (4th Cir. 2002). Having reviewed the Rule 11 transcript, we find no basis for finding Glaspy's plea involuntary. Moreover, we reject the assertion that the plea was invalid. Courts have recognized that a defendant may implicitly waive the right to indictment by pleading guilty to an information. *See United States v. Gaudnet*, 81 F.3d 585, 589 (5th Cir. 1996); *Ornelas v. United States*, 840 F.2d 890, 892 (11th Cir. 1998); *United States v. Travis*, 735 F.2d 1129, 1131-32 (9th Cir. 1984). Glaspy acknowledged he was pleading guilty to an information at the Rule 11 hearing. In any event, Glaspy explicitly waived prosecution by indictment in open court prior to sentencing. *See* Fed. R. Crim. P. 7(b).

Next, we reject Glaspy's claims of ineffective assistance as the record fails to conclusively demonstrate such ineffective assistance. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997), *cert. denied*, 531 U.S. 1193 (2001). Finally, we find the court properly sentenced Glaspy as a career offender because his prior housebreaking convictions for breaking and entering qualified as crimes of violence under *United States Sentencing Guidelines Manual*, § 4B2.2(a). *See United States v. Romary*, 246 F.3d 339, 342 (4th Cir. 2001); *United States v. Raynor*, 939 F.2d 191, 196 (4th Cir. 1991).

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Glaspy's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*