FILED
United States Court of Appeals
Tenth Circuit

January 30, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

v.

ROBERT SEDILLO GUTIERREZ,

Defendant−Appellant.

No. 12-2172
(D.C. Nos. 1:08-CV-00711-RB-LFG &
2:05-CR-00217-RB-1)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Robert Sedillo Gutierrez, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's decision to construe his Fed. R. Civ. P. 60(b) motion as an unauthorized second or successive 28 U.S.C. § 2255 habeas petition and dismiss it for lack of jurisdiction. We deny a COA and dismiss the matter.

Mr. Gutierrez was convicted of possession with intent to distribute methamphetamine in 2006 after a mistrial in 2005. Following an unsuccessful appeal, Mr. Gutierrez filed a § 2255 motion to vacate his conviction and sentence on

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the grounds that he received ineffective assistance of counsel during both trials, at sentencing, and on appeal. After an evidentiary hearing, the magistrate judge recommended Mr. Gutierrez's petition be denied and dismissed, which the district court adopted. Mr. Gutierrez then filed a notice of appeal, but his application for COA was denied by this court. *See United States v. Gutierrez*, 458 F. App'x 748, 748 (10th Cir. Jan. 31, 2012).

Mr. Gutierrez filed a Rule 60(b) motion in June 2012. The district court concluded that Mr. Gutierrez's motion was a "disguised attack" on the court's resolution of his § 2255 petition on the merits. R. at 278. The court thus characterized Mr. Gutierrez's Rule 60 motion as an unauthorized second or successive petition and dismissed the case for lack of jurisdiction.

Mr. Gutierrez now requests a COA to appeal the district court's dismissal. To obtain one, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2255 habeas claim unless he first obtains an order from the circuit court authorizing the district court to consider the claim. 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A). In the absence of such authorization, a district court lacks jurisdiction to address the merits of the second or successive claim. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

- 2 -

When a party seeks Rule 60(b) relief following the denial of a § 2255 habeas petition, the motion is properly characterized as a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A Rule 60(b) motion should not be treated as a successive § 2255 petition if it "challenges a defect in the integrity of the federal habeas proceeding," as long as "such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1216.

In his § 2255 petition, Mr. Gutierrez asserted claims of ineffective assistance of counsel against his first and second attorneys. The magistrate judge and district court considered each claim and denied them on the merits. In his Rule 60(b) motion, Mr. Gutierrez argued that the district court erred in three primary ways: (1) because he allegedly did not knowingly and intelligently waive his withdrawn ineffective assistance of counsel claims during the § 2255 proceedings, he did not have the claim fully considered; (2) a witness' affidavit allegedly establishing the ineffective assistance of one of Mr. Gutierrez's attorneys qualifies as new evidence showing proof of a defect in the integrity of the § 2255 proceeding; and (3) the district court did not address all of the claims raised in his § 2255 motion. Although Mr. Gutierrez attempts to pose his Rule 60(b) arguments as challenges to the integrity of the proceedings, for several reasons they lead inextricably to a merits-based attack on the denial of his § 2255 motion.

First, Mr. Gutierrez's withdrawal of one of his ineffective assistance of counsel claims was not procedurally deficient—it was confirmed during the evidentiary hearing before the magistrate judge at which Mr. Gutierrez was present, and no objections were raised with the district court. Despite the withdrawal, the magistrate judge and district court nevertheless considered the merits of the claim, but ultimately decided that it lacked merit.

Second, with respect to the affidavit, Mr. Gutierrez asserts that the witness' written statement proves that Mr. Gutierrez's attorney for his second trial did, in fact, provide ineffective assistance. But this is simply a renewed challenge to the magistrate judge's merits-based conclusion that Mr. Gutierrez's second attorney did not provide ineffective assistance of counsel. Mr. Gutierrez further contends that the witness' statement provides proof that his second attorney gave false testimony at the § 2255 evidentiary hearing, thereby challenging the integrity of the proceedings. However, Mr. Gutierrez is effectively challenging the attorney's credibility, not a defect in the proceedings. And it is within the district court's province to make credibility determinations about witnesses. *See United States v. Chavez*, 862 F.2d 1436, 1438 (10th Cir. 1988).

As to Mr. Gutierrez's assertion that the district court failed to address all of his claims in his § 2255 motion, the allegedly unaddressed claims were not separate claims at all but merely components of his ineffective assistance of counsel claims against his first and second attorneys. As the district court observed, Mr. Gutierrez is

- 4 -

really challenging *how* the district court addressed his claims, not asserting that the district court failed to decide the claims at all.  His argument, therefore, is a disguised attack on the district court's resolution of the claims on the merits.

Reasonable jurists could not debate that the district court was correct in its procedural ruling to treat Mr. Gutierrez's Rule 60(b) motion as an unauthorized second or successive § 2255 motion and dismiss it for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter.  Appellant's motion to proceed on appeal in forma pauperis is denied.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk